IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MILLARD GUTTER COMPANY, a Corporation;<br><br><br>Plaintiff,<br><br><br>vs.<br><br><br>MIDWEST FAMILY MUTUAL INSURANCE COMPANY,<br><br><br>Defendant. | **8:25CV238**<br><br><br><br>**FOURTH AMENDED FINAL PROGRESSION ORDER** |

This matter comes before the court on Defendant's Unopposed Motion to Extend Case Progression Deadlines. (Filing No. 59). For good cause, that motion is granted. Accordingly,

IT IS ORDERED that the unexpired deadlines in the final progression order are amended as follows:

1) The trial and pretrial conference will not be set at this time. The telephonic status conference set for **September 15, 2026,** is **continued** and will be held with the undersigned magistrate judge on **October 27, 2026,** at **10:00 a.m.** to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 7).

2) The deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure is September 25, 2026. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by October 9, 2026.

**Note:** A discovery motion (including a motion to compel, to quash, or for a disputed protective order, or any motion regarding the scope and production of ESI) cannot be filed without first: a) thoroughly discussing the issue with opposing counsel in good faith (NECivR 7.1(j)); and then b) contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute. The failure to contact the court prior to filing a discovery motion may result in an order striking the motion.

3)    The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

> For the defendant(s):          July 22, 2026.
>
> Plaintiff(s)' rebuttal:          August 17, 2026.

4)    The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is September 17, 2026.

   a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is three (3).

   b. Depositions will be limited by Rule 30(d)(1).

5)    The deadline for filing motions to dismiss and motions for summary judgment is October 20, 2026.

6)    The deadline for filing motions to exclude testimony on *Daubert* and related grounds is September 28, 2026.

7)    Motions in limine shall be filed twenty-eight days before trial. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

8)    The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

9)    Deadlines not specifically amended by this order are unchanged. All requests

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 29th day of June, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge