IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MILLARD GUTTER COMPANY, a Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>MIDWEST FAMILY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | **8:25CV238**<br><br>**ORDER** |

This matter comes before the court on Defendant's Motion for Protective Order Specifying the Depositions of Mike Stella and Nick Morris May be Completed by Remote Means Only. (Filing No. 90). For the reasons that follow, Defendant's motion for remote deposition is granted pursuant to Fed. R. Civ. P. 30(b)(4) and the depositions shall be taken by videoconference. The court ordered Plaintiff to provide a copy of an audio recording for *in camera* review and finds Plaintiff shall produce the recording to Defendant as set forth herein.

## I. BACKGROUND

The facts as to Defendant's request for remote depositions are as follows. On October 27, 2026, the court held a status conference with the parties to discuss competing motions to extend, and deposition scheduling. (Filing No. 82, Text Minute Entry *referencing* Filing No. 68 (Defendant's motion) and Filing No. 69 (Plaintiff's motion)). Plaintiff requested additional time to complete depositions out of time, and the motion was granted pursuant to Fed. R. Civ. P. 1. (Filing No. 82). The deadline to complete depositions is now December 18, 2026. (Filing No. 82). Plaintiff noticed the deposition of Mike Stella

beginning at 10:00 a.m. on December 4, 2026, in Minneapolis, Minnesota (Filing No. 86), and the deposition of Nicholas Morris beginning at 10:00 a.m. on December 16, 2026, in Melbourne, Florida. (Filing No. 87). Defendant requests the notices at Filing No. 86 and Filing No. 87 be modified so the depositions of Mike Stella and Nicolas Morris be solely conducted by remote, videoconference means pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Civ. P. 30(b)(4). (Filing No. 90).

Defendant argues there are legitimate reasons to conduct the depositions remotely, with the main argument being cost savings. Defendant argues videoconference depositions would avoid approximately $7,000 in travel and incidental costs and would save time for the parties and counsel. Defendant notes there is approximately $99,500 at issue in this case and it seeks to avoid unnecessary expenditures. Defendant also argues Plaintiff failed to timely schedule depositions of its representative, expert, and witnesses, and otherwise caused unnecessary and unreasonable delays and increased expenses that are not proportional to the needs of this case. (Filing No. 91 at 5). Defendant opposes any request by Plaintiff for a hybrid deposition, arguing that allowing Plaintiff to appear in person without Defense counsel present is not a reasonable solution. (Filing No. 91 at 6).

In response, Plaintiff argues Defendant's travel expenses are optional and Defendant can avoid spending the roughly $7,000 by participating in the depositions remotely. Plaintiff also takes issue with Defendant's calculation of time and the inclusion of Counsel's fee for the deposition time, as that time would be billed regardless of deposition location or method. Plaintiff argues in-person depositions are essential to establishing what a witness remembers and whether the deponent testifies from their own recollection rather than other materials on a desk or a screen. Plaintiff also argues Morris' deposition will be document-intensive and effective cross-examination relies upon the witness being able to refer to or compare multiple documents at once. (Filing No. 93 at 11). Plaintiff rebuts Defendant's suggestion that the documents be delivered to the witness in advance by stating there is no rule which requires him to provide these materials to an adverse expert prior to the deposition. (Filing No. 93 at 11).

The facts as to the audio recording are as follows. During the call on October 27, 2026, Plaintiff's counsel said he thought the parties agreed to certain progression extensions, particularly an extension of the deposition deadline, which was not included in Defendant's motion. (Filing No. 83, audio file at 5:25; *See* Filing No. 69 at 1-2). Plaintiff's counsel, Daniel Epstein, argued the parties discussed the extension, referring specifically to a recorded call he captured between himself and Reghan Kort, counsel for Defendant. Plaintiff's counsel stated that he had "no problem uploading it to the court or shooting it out in an email and everyone can listen to themselves." (Filing No. 83, audio file at 49:46-50:44). But now Plaintiff's counsel resists disclosure of the call as not responsive to the discovery requests or relevant to any party's claim or defense. Defendant takes issue with Plaintiff withholding the call from disclosure. The court ordered Plaintiff to provide the recording for *in camera* review and the court has reviewed the recording. (Filing No. 88, Text Order).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 30(b)(4) provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). "Courts have long held that leave to take remote depositions pursuant to Rule 30(b)(4) should be granted liberally." *In re Broiler Chicken Antitrust Litig.*, No. 1:16-CV-08637, 2020 WL 3469166, at *7 (N.D. Ill. June 25, 2020) (collecting cases). "All that is required to authorize a remote deposition is a legitimate reason put forward by the party proposing to take a deposition by remote means." *Id.* (citing *Kaseberg v. Conaco, LLC*, 2016 WL 8729927, at *5 (S.D. Cal. Aug. 19, 2016)). "Once the proponent of taking a deposition by remote means makes a sufficient threshold showing, the burden then shifts to the opposing party to show how it would be prejudiced if the deposition were taken in that way." *Id.* (citations omitted). "District courts 'possess wide discretion' under Rule 30(b)(4) 'in determining the manner for taking depositions, including whether they should take place by remote means.'" *Ward v. Copenhaver,* No. 3:22-CV-00250-LPR-BBM, 2026 WL 458440, at *2 (E.D. Ark. Feb. 18, 2026), *citing*

*Patterson Dental Supply, Inc. v. Pace*, No. 19-CV-1940, 2020 WL 10223626, *3 (D. Minn. Nov. 5, 2020) (citation omitted); *accord Doe v. Board of Regents of Univ. of Nebraska*, No. 4:21-CV-3049, 2022 WL 17343852, *2 (D. Neb. Nov. 30, 2022).

## III. ANALYSIS

A. Remote Depositions

Plaintiff argues the burden shifting framework Defendant cites in its motion does not apply to this case as "that framework addresses the party that will *take* the deposition and wishes to do so remotely." (Filing No. 93 at 9). However, this court has held that "[n]othing in the Rule indicates different standards apply depending on the identity of the party moving for the remote deposition." *Doe,* 2022 WL 17343852, at *2. In *Doe,* the court found:

> [T]he framework in *In re Broiler Chicken Antitrust Litigation* is couched in terms of the "proponent of the remote deposition" and "party opposing the deposition," rather than "party noticing the deposition" and "party to be deposited." . . . Instead, the Court finds the better, more commonsense reading of Rule 30(b)(4) is to put the initial burden on the party moving for a remote deposition—regardless of whether it is the party to be deposed or the party taking the deposition—to demonstrate a legitimate reason why the court should order the deposition to be taken remotely. If the party moving for a remote deposition makes that showing, then the burden shifts to the opposing party to show how it would be prejudiced if the deposition were taken remotely.

*Doe,* 2022 WL 17343852 at *2. The court finds Defendant met the burden to show legitimate reasons why the depositions should proceed remotely as a desire to save money is a valid reason to request a deposition proceed remotely. *See Doe,* 2022 WL 17343852 at *3, *citing In re Broiler Chicken Antitrust Litig.*, 2020 WL 3469166, at *7 ("A desire to save money taking out of state depositions can suffice to show good cause to take a deposition by remote means").

Plaintiff asserts it will be prejudiced by a remote deposition because each party was allowed only three depositions and it needs to assess the deponents' credibility and demeanor, and confirm they are testifying from their own recollection. Plaintiff's reasons

for objecting are the same reasons why many parties object to remote depositions but they have not explained how a videoconference deposition is inadequate to address those concerns. *See Doe,* 2022 WL 17343852 at *3 *citing Grupo Petrotemex, S.A. de C.V. v. Polymetrix AG,* No. 16-CV-2401 (SRN/HB), 2020 WL 4218804, at *3 (D. Minn. July 23, 2020) ("If the lack of being physically present with the witness were enough prejudice to defeat the holding of a remote deposition, then Rule 30(b)(4) would be rendered meaningless."). "Attorneys and litigants all over the country are adapting to a new way of practicing law, including conducting depositions and deposition preparation remotely." *List v. Carwell*, No. 18-CV-2253 (DSD/TNL), 2020 WL 5988514, at *9 (D. Minn. Oct. 9, 2020). As explained by other courts in this circuit, exhibits can be managed in remote depositions by sending Bates-stamped exhibits to deponents prior to the depositions or using modern videoconference technology to share documents and image quickly and conveniently." *Grupo,* 2020 WL 4218804, at *3; *Ward,* 2026 WL 458440.

After weighing the parties' arguments, the court finds the depositions of Stella and Morris should proceed remotely by videoconference. The court is not convinced that Plaintiff's concerns about assessing whether the witness is testifying from their own recollection show prejudice outweighing Defendant's legitimate reasons for seeking remote depositions in this case. Further, Plaintiff delayed in requesting depositions which are purportedly critical to his case until after the deadlines had already expired. The court was reluctant to extend, but did so, considering Fed. R. Civ. P. 1, judicial economy, and the court's "preference for adjudication on the merits." *See Chorosevic v. MetLife Choices,* 600 F.3d 934, 947 (8th Cir. 2010). The court considers those same principles now, as well as Rule 30(b)(4)'s liberal standard and Rule 26's mandate that discovery be proportional to the needs of the case. Remote depositions will allow the parties to take the remaining depositions while keeping costs lower, which is particularly important in a case where the parties agree the damages are fairly nominal.[1] The parties' focus should be on completing

[1] Defendant's motion seeks a protective order under Rule 26(c) as well as an order that the deposition be taken by remote means. The court notes that Rule 26(c) "confers broad discretion" on district courts "to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co.*

the depositions, regardless of the format. Defendant's motion to take the depositions of Stella and Morris by videoconference will be granted.

B. Recorded Call

The court reviewed the audio recording captured by Plaintiff's counsel and finds it does not fall within Defendant's discovery requests or that it is relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). It is not illegal in Nebraska for one party to a conversation to record the conversation without the other party's knowledge or consent. *See* Neb. Rev. Stat. § 86-290(2). However, it is not unreasonable for counsel to anticipate a professional courtesy to warn that a conversation with opposing counsel will be recorded. Further, Plaintiff's counsel referred to the recording in a conference before the undersigned as potential evidence in support of his requested extension. Disclosure of the recording would almost certainly have been required if Plaintiff's request to extend the deposition deadline had required formal motion practice and full briefing. It does not serve judicial economy or the principles of Fed. R. Civ. P. 1 to litigate whether the call should be available to all participants. Plaintiff's counsel freely offered to provide a copy to the court and all parties and he should do so. The court now considers the matter resolved and will not litigate the issue further.

IT IS ORDERED:

1) Defendant's Motion for Protective Order Specifying the Depositions of Mike Stella and Nicholas Morris May be Completed by Remote Means Only is granted as set forth in this order. (Filing No. 90). The deposition notices at Filing No. 86 and Filing No. 87 shall be modified and all parties shall participate by videoconference only.

---

*v. Rhinehart*, 467 U.S. 20, 36 (1984); accord *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999). A court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "prescribing a discovery method other than the one selected by the party seeking discovery" Fed. R. Civ. P. 26(c)(1)(C). Having determined that Defendant's request to proceed by videoconference should be granted pursuant to Fed. R. Civ. P. 30(b)(4), the court will not conduct a separate analysis of Defendant's request pursuant to Fed. R. Civ. P. 26(c).

2) Plaintiff's counsel shall provide a copy of the recording to Defendant's counsel no later than November 30, 2026.

Dated this 23rd of November, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge